Lawrence R. Ream, WSBA #18159
E-Mail: larry.ream@bullivant.com
Charles A. Lyman, WSBA #30495
E-Mail: charlie.lyman@bullivant.com
BULLIVANT HOUSER BAILEY PC
1601 Fifth Avenue, Suite 2300
Seattle, Washington 98101-1618
Telephone: 206.292.8930
Facsimile: 206.386.5130

Hon. Frank L. Kurtz
Chapter: 11
Location: Spokane

*Attorneys for Creditor, Kawasaki Motor Finance Corporation*

# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF WASHINGTON

In re:

SHUMATE TRI-CITY, LLC,

        Debtor.

No.: 09-05080

**STIPULATION REGARDING SETTLEMENT BETWEEN KAWASAKI MOTOR FINANCE CORPORATION AND DEBTOR**

    Creditor Kawasaki Motor Finance Corporation ("KMFC"), by and through its counsel of record, and Debtor Shumate Tri-City, LLC ("Shumate"), hereby stipulate as follows and request that the Court enter an order approving all of the terms of this "Stipulation."

    1.    On or about May 8, 2006, Shumate entered into a Financing and Security Agreement ("Financing Agreement") with KMFC.

    2.    The terms of the Financing Agreement provided that: (1) KMFC agreed to finance the ongoing purchase of goods from Kawasaki Motors Corporation ("KMC"); and (2) Shumate promised to promptly repay KMFC under the terms of the Financing Agreement as the goods were sold.

    3.    To secure repayment of any credit advanced, the Financing Agreement provided for the grant of a purchase money security interest to KMFC and a general security interest as follows:

        To secure repayment of all Indebtedness of Dealer to KMFC
        and performance of all other obligations of Dealer to KMFC,

whether now existing or hereafter arising, Dealer hereby grants to KMFC (i) a purchase money security interest in the inventory and all other inventory, equipment or goods financed by KMFC, or otherwise acquired by Dealer as a result of any Advance made or other value given by KMFC, whether now owned or later acquired by Dealer and wherever located, including all packaging and shipping material for the same, together with all improvements, replacements and additions thereto, and all products, trade-ins, and proceeds and receivables from the sale or disposition of any of the foregoing (including insurance premiums and insurance payments to Dealer), wherever the same may be located, and (ii) a general security interest in all of Dealer's other inventory, equipment, goods, machinery, furniture, fixtures, vehicles, accounts, accounts receivable, instruments, deposit accounts, notes chattel paper, rebates, incentive payments, contracts, and all other rights to payment and general intangibles, whether now owned or later acquired by Dealer, together with all improvements, replacements or additions thereto, and the proceeds from the sale or disposition of any of the above (including insurance premiums and insurance payments to Dealer), wherever the same may be located.

(hereinafter, the "Collateral").

4. KMFC properly perfected its security interests in the Collateral by filing a UCC-1 Financing Statement with the Washington State Department of Licensing.

5. Pursuant to the Financing Agreement, KMFC did, in fact, finance Shumate's purchase of inventory.

6. Shumate defaulted upon the terms of the Financing Agreement by failing to make payments when due, including interest payments, and by selling units of inventory to retail customers without remitting payment to KMFC, which is referred to in the commercial lending industry as selling (sold) out-of-trust.

7. The proceeds from the inventory sold out-of-trust are part of KMFC's Collateral.

8. Fifty-Five units of goods financed ("Financed Goods") by KMFC remain in Shumate's possession. A true and correct description of the Financed Goods is attached hereto as Exhibit 1 and incorporated into this stipulation.

9. KMFC and Shumate agree that entry of this Stipulated Order is appropriate under the provisions of 11 U.S.C. Section 362(d).

10. Under the Financing Agreement, KMFC is entitled to relief from stay to take possession of and liquidate the Financed Goods in accordance with the standard KMFC processing procedures, as set forth in the "Purchase Price Guidelines" which are attached hereto as Exhibit A and incorporated by this reference, and to reimburse itself for amounts owed by Shumate to KMFC, including without limitation, the accrued interest, attorneys' fees, costs and other amounts as provided for in the Financing Agreement, and as may be allowed by this Court. Shumate shall immediately assemble and make the Financed Goods available to KMFC and KMFC may take immediate possession of the Financed Goods. KMFC further agrees to cap at $3,000.00, Shumate's obligations for shipping costs.

11. KMFC is further entitled to assert a claim in this bankruptcy proceeding for the deficiency, if any, owing by Shumate to KMFC following disposition of the Financed Goods.

DATED: December 11, 2009

| BULLIVANT HOUSER BAILEY PC | PAUKERT & TROPPMAN, PLLC |
|---|---|
| By: /s/ Lawrence R. Ream<br>Lawrence R. Ream, WSBA #18159<br>Charles A. Lyman, WSBA #30495<br>Attorneys for Creditor, Kawasaki Motor Finance Corporation | By: /s/ Michael J. Paukert<br>Michael J. Paukert. WSBA #20237<br>Attorneys for Debtor, Shumate Tri-City, LLC |

12179264.1